**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| LORNE WASSERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| PIONEER CREDIT RECOVERY, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, LORNE WASSERMAN ("Plaintiff"), through his attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, PIONEER CREDIT RECOVERY, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Pikeville, Pike County, Kentucky.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Arcade, Wyoming County, New York.

11. Defendant is a business entity engaged in the collection of debt within the State of Kentucky.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt that Plaintiff which Plaintiff does not owe.

17. The alleged debt owed arises from transactions for personal, family, and household purposes.

18. In or around December 2018, Defendant began calling Plaintiff on Plaintiff's telephone at xxx-xxx-2612 in an attempt to collect the alleged debt.
19. Defendant calls Plaintiff from 800-823-9073, which is one of Defendant's telephone numbers.
20. Plaintiff is not the debtor Defendant seeks to collect from.
21. Since Defendant began calling Plaintiff, Defendant's collectors left the following voicemail messages on Plaintiff's telephone:
    a. "Hi Lorne Wasserman, this message is from Davin Dixon. I am calling in regards to Ryan Sirbaugh. Please give me a call back at 800-923-9079. And when calling back please use reference number 13213027. Thank you."
    b. "Lorne Wasserman, this is a message from Briana Ingfairy in regards to a Ryan Sirbaugh. If you could please give me a call back at 1-800-923-9079. And when calling back can you refer to reference number 13213027. Thank you."
    c. "This message is for Lorne Wasserman, I am reaching out to you regarding Ryan Sirbaugh. My name is Chelsea. If you could return my call back please at 800-923-9079. When calling back use reference number 13213027."
22. Defendant's collectors were working within the scope of their employment when they left voicemail messages on Plaintiff's telephone.
23. Defendant's collectors are or should be familiar with the FDCPA.
24. Defendant's collectors know or should know the FDCPA requires a debt collector to disclose the caller's identity when leaving a voicemail message for any person in connection with the collection of a debt.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b(3) of the FDCPA communicating with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

    b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

    d. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity, with none of the exceptions applicable;

    e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt; and

    f. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

WHEREFORE, Plaintiff, LORNE WASSERMAN, respectfully requests judgment be entered against Defendant, PIONEER CREDIT RECOVERY, INC., for the following:

26. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

28. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

August 2, 2019

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff

5